Mr. Justice Clayton
delivered the opinion of the court.
This was a suit brought by the plaintiff in error, upon a note executed by the defendants. It appears that Bonner and one Dulany had been the sureties of James C. Bole, upon a note to the bank, upon which suit was brought in the circuit court of Holmes county. Bole became insolvent, and during the pendency of the suit, it was proposed by Bonner and Dulany to divide the debt of Bole between them; and that each would execute his note with satisfactory surety, for his half of the debt, payable twelve months after date. This note accompanied the proposition in Feb. 1841, and was left with the bank.
In one particular the evidence is not entirely harmonious. One of the directors stated that the proposition was not accepted Avhen made, because of some dissatisfaction with the sureties. The cashier says that it was accepted at the time when received, but it was not so entered upon the minutes of the board of directors, until October, 1841. In August or September of that year, Bonner had applied for the note, and had told one of the directors that he did not wish the note discounted. The suit against Bole and others was dismissed in October, 1841. It is now insisted that the proposition was withdrawn before it was acceded to by the bank, and that consequently no recovery can be had upon the note; in other words, that there is no valid consideration for it.
We do not concur in this view. When the proposition was submitted, and the„note placed with the officers of the bank and retained by them, they could not have proceeded in the first suit, without returning or offering to return the note. So the defendant could not withdraw the note, unless he put the bank in the situation it previously occupied in regard to the former suit. The holding of the note by the bank, for so long a time, and *652 without an offer to return it, might of itself be regarded as an acceptance of the proposition. The suit has been dismissed, and if the defendant now gets clear of this note, he is discharged from his liability, without payment. We confess that we are not able to perceive the justice of such a course.
The court erroneously refused to give two charges asked by the plaintiff. The first was, “ That if any demand was ever made by Bonner, of the note, unless said demand was made of some legally authorized agent of the bank, it was of no avail, and is not evidence of Bonner’s disagreement to the transaction.” The second was, “ That a bank can receive notes and agree to propositions at the board, without any entry upon the records, but the same may be entered at a subsequent time; and if any agreement to a former proposition, it will relate back to the time of receiving the original proposition.”
No objection is perceived to either of these instructions. On the contrary, they propound the law correctly, and should have been granted. See Angelí & Ames on Corp. 148, et seq.
The judgment is reversed, and new trial awarded.